DECISION
This matter is before the court on Plaintiff's request for "reversal" of Defendant's refund denial for 2003. The matter was heard by the court December 17, 2007. The parties agreed to the relevant facts and asked the court to render its decision based on the application of the law. Plaintiff was represented by Rhonda Powell (Powell), certified public accountant (CPA). Defendant was represented by Nancy Grigorieff, CPA and auditor for the Department of Revenue.
 I. STATEMENT OF FACTS
Plaintiff came to Powell in January or February 2007 asking Powell to prepare tax returns for several tax years, including 2003. Plaintiff is a flight attendant and is gone for weeks at a time for work. Powell worked with Plaintiff when she was in town to obtain the necessary information to complete the returns. Powell completed Plaintiff's 2003 Oregon return on or about April 8, 2007. Plaintiff signed that return within a few days, and Powell's office mailed the return on April 11, 2007. Unfortunately, that return was placed in an Internal Revenue Service (IRS) envelope and sent to the IRS rather than the Oregon Department of Revenue (department). The department received Plaintiff's 2003 Oregon return from the IRS on May 3, 2007. That return was not accompanied by the federal return or the W-2 wage statement. *Page 2 
Plaintiff's 2003 return reported a refund of $2,688. Defendant denied the refund because the return was filed more than three years after the applicable due date. Plaintiff appealed.
 II. ANALYSIS
Plaintiff's 2003 Oregon return was due on or before April 15, 2004. ORS 314.385[1] (requiring the Oregon return to be filed "on or before the due date of the corresponding federal return"); Internal Revenue Code (IRC) § 6072(a)[2] (providing that returns for calendar year taxpayers "shall be filed on or before the 15th day of April following the close of the calendar year" for which the return is due). Plaintiff's 2003 return was not received by Defendant until May 3, 2007, which is slightly more than three years beyond the April 15, 2004, due date.
ORS 314.415(2)(a) precludes the department from making or allowing a refund in the case of an original return that is "not filed within three years of the due date, excluding extensions[.]"[3] Plaintiff's return missed the three-year deadline by 17 days, [4] and Defendant therefore denied the $2,688 refund reported on that return.
The court is aware that the return was, in fact, timely mailed. However, it was mailed to the wrong address. A return is considered timely filed if it bears "a legible postmark dated on or before the due date * * * if properly mailed." OAR 150-305.820(2) (emphasis added).[5] OAR 150-305.820(4) provides that "[i]n order for a writing or remittance to be considered *Page 3 
`properly mailed' it must have been placed in a properly addressed envelope or other appropriate wrapper." Plaintiff's return was not properly mailed because it was not placed in a properly addressed envelope, but, rather, was sent to the wrong address.
Powell explained that her office intended to mail the return to the state, but that it was unintentionally placed in a federal IRS envelope and mailed to the IRS. Powell notes that the return was timely dispatched, but inadvertently mailed to the wrong address. That mistake is unfortunate, but there is no provision in the law that serves to rescue Plaintiff or her representative from that mistake. There are practical reasons for a strict rule. As this court has previously noted, "the conduct of governmental affairs requires some finality to the state's system of tax collection." Tackett v. Marion CountyAssessor, TC-MD No 070165C,
WL 1800653 *2 (June 20, 2007); see also Stubbs v. Department ofRevenue, TC-MD No 041047D, WL 1089171 *1 (Mar 2, 2005) ("At some point, finality to tax years is required and the legislature determined three years to be a sufficient period of time.") (citation omitted). Moreover, it is not lost on the court that Plaintiff waited nearly three years before she approached her accountant (Powell) to have the 2003 return prepared. That delay proved costly and underscores the risk of waiting until the last minute to prepare and submit a return. As Powell pointed out, this problem would not have arisen if the return involved was for 2004 as opposed to 2003, because the IRS did forward Plaintiff's state return to the department within several weeks, and if it were the 2004 return it would have been received by the department within the three-year deadline.
 III. CONCLUSION
Upon due consideration, the court concludes that Plaintiff is not entitled to the refund reported on her 2003 Oregon return because that return was not filed within three years of the statutory due date, excluding extensions. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Defendant's denial of Plaintiff's refund for 2003 is upheld and Plaintiff's appeal is denied.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on January 7,2008. The Court filed and entered this document on January 7, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] References to the IRC are to the 1954 code, as amended and current through January 2004.
[3] The caveat to the rule is that the department may refund amounts paid within two years of the filing of the return. The statute provides, in relevant part, that the department "may allow or make a refund * * * of amounts paid within two years from the date of the filing of the claim for refund." ORS 314.415(2)(a). However, there is no evidence in this case that Plaintiff made any tax payments for the year at issue within two years of the date the return was filed.
[4] The three-year deadline was April 15, 2007, which was a Sunday. The deadline was therefore extended to Monday, April 16, 2007. May 3, 2007, was 17 days after the April 16 deadline.
[5] Reference to the Oregon Administrative Rules (OAR) are to the 2006 edition. *Page 1